IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CAMERON CHRISP, | ) | 8:14CV344 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| LANCASTER COUNTY JAIL, | ) | |
| LANCASTER COUNTY, | ) | |
| NEBRASKA, CORRECT CARE | ) | |
| SOLUTIONS, (Jail Medical | ) | |
| Company), Ne., MIKE THURBER, | ) | |
| (Jail Director), Ne., SCHAFFER, | ) | |
| Sargent (grievance investigator) Ne., | ) | |
| and PSN #5530, | ) | |
| | ) | |
| Defendants. | ) | |

This action was filed by Cameron Chrisp ("Chrisp" or "Plaintiff"), a pro se litigant incarcerated at the Hall County Department of Corrections in Grand Island, Nebraska. He filed his complaint (Filing No. 1) in this case on October 27, 2014, at which time he was incarcerated at the Lancaster County Jail in Lincoln, Nebraska. The court previously ordered Chrisp to file an amended complaint, which he did on April 15, 2015 (Filing No. 30). The court now conducts an initial review of Chrisp's amended complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

## I. SUMMARY OF COMPLAINT

Liberally construed, Chrisp brought this action pursuant to 42 U.S.C. § 1983. The named defendants are Lancaster County, Nebraska, the Lancaster County Jail, Correct Care Solutions, Mike Thurber, and Sargent Schaffer. (Filing No. 30 at CM/ECF p. 1.) Chrisp also named "PSN # 5530" as a defendant; however, the court

will disregard this reference because Chrisp provided no indication of what "PSN # 5530" refers to.

Chrisp alleged jail staff did not give him the pain medication Tramadol on 20 occasions between December of 2014 and February of 2015. (*Id.* at CM/ECF p. 2.) Chrisp alleged he suffered from "multiple chronic physical conditions" that have "not been surgically corrected." (*Id.*) He alleged:

> Nurses informed me that as of Dec 2014 The Jail & Jail Medical lacked proper drug license to continue to purchase tramadol in bulk or in large enough Quantities to ensure tramadol for all inmates who were prescribed tramadol within the Jail. I was told by some medical staff that the law which changed tramadol from a schedule 3 narcotic to a schedule z narcotic went into effect around December 2014 for which the Jail nor Jail Medical Company had made the appropriate or necessary changes or adjustments to continue purchasing [enough] tramadol for all inmates prescribed within the Jail.

(*Id.* at CM/ECF p. 3.)

Chrisp stated these events caused him "excessive" suffering, and they interfered with his "ability to exercise [his] constitutional rights." (*Id.*) For relief, Chrisp seeks "damages." (*Id.* at CM/ECF p. 6.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief

may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

3

## III. DISCUSSION

### A. Lancaster County Defendants

Chrisp named Lancaster County and two Lancaster County officials as defendants in this case. The court assumes Chrisp has sued the two county officials in their official capacities.[1] The initial question the court must consider is whether Chrisp's claims against the county defendants fail as a matter of law because he did not allege a policy or custom caused his injuries.

A municipality is liable under § 1983 only if injury was caused pursuant to the municipality's policy or custom. *Los Angeles Cnty., California v. Humphries*, 562 U.S. 29, 30-31 (2010) (citing *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658 (1978)). "Official policy involves 'a deliberate choice to follow a course of action made from among various alternatives' by an official who has the final authority to establish governmental policy." *Jane Doe A By and Through Jane Doe B v. Special Sch. Dist. of St. Louis Cnty.*, 901 F.2d 642, 645 (8th Cir. 1990) (quoting *Pembaur v City of Cincinnati*, 475 U.S. 469, 483 (1986)). In order to establish the existence of a governmental custom, a plaintiff must prove:

1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

---

[1] Chrisp did not specify the capacity in which the defendants are sued. Where a plaintiff fails to "expressly and unambiguously" state that a public official is sued in his individual capacity, the court "assume[s] that the defendant is sued only in his or her official capacity." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999).

    2)      Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

    3)      That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe*, 901 F.2d at 646.

Here, Chrisp did not allege a Lancaster County policy or custom caused his injuries. Therefore, his amended complaint does not state a claim upon which relief may be granted against the county and the two county officials sued in their official capacities. On the court's own motion, Chrisp will be given an opportunity to file a second amended complaint that states a claim upon which relief may be granted against Lancaster County.

**B.**    **Failure to Provide Tramadol**

The issue raised by Chrisp in this case is whether jail officials' failure to give him Tramadol violated his constitutional rights. It is unclear whether Chrisp was a pretrial detainee or a convicted prisoner at the time of the alleged constitutional violation. Regardless of his status, the standard to analyze his claim is the same. *See Smith v. Conway Cnty. Ark.*, 759 F.3d 853, 858 (8th Cir. 2014) ("Although the Eighth Amendment has no application until there has been a formal adjudication of guilt, the Fourteenth Amendment gives state pretrial detainees—just as the Fifth Amendment gives federal pretrial detainees—rights which are at least as great as the Eighth Amendment protections available to a convicted prisoner. Conduct constituting cruel and unusual punishment *a fortiori* constitutes punishment. And the Due Process Clause prohibits *any* punishment of a pretrial detainee, be that punishment cruel-and-unusual or not.") (internal citation and quotation omitted).

In an Eighth Amendment inadequate-medical-care case, the court considers whether the plaintiff: (1) had an objectively serious medical need; and (2) prison officials actually knew of and deliberately disregarded that serious medical need. *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000). "In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "A serious medical need is 'one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention.'" *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997) (quoting *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995)).

Chrisp did not allege facts suggesting he had a serious medical need or that jail officials were deliberately indifferent to a serious medical need. First, he did not describe his medical condition with enough specificity to make it plausible that he suffered from a "serious medical need." He alleged only that he suffered from "multiple chronic physical conditions." (Filing No. 30 at CM/ECF p. 2.) Second, even assuming Chrisp suffered from objectively serious medical needs, he did not offer sufficient facts to suggest jail officials were deliberately indifferent to those needs. Chrisp alleged jail staff refused to give him Tramadol on 20 occasions, apparently because there was a shortage of the medication in the jail. Chrisp did not allege jail officials disregarded his need for pain management or disregarded whatever his medical condition was at the time. Rather, he alleged only that they would not give him Tramadol because it was not available. In other words, Chrisp's allegations do not suggest he was denied treatment or that his medical needs were ignored. They suggest he did not receive the medication of his choice which, by itself, is not a constitutional violation.

In summary, Chrisp did not allege facts suggesting he suffered from any serious medical need, or that jail officials were deliberately indifferent to any serious medical need. On the court's own motion, Chrisp will be given an opportunity to file a second amended complaint that sets forth a plausible claim for relief. Chrisp is encouraged

6

to use the court-approved form to draft his third amended complaint, which the clerk of the court will provide to him. **Chrisp must clearly designate on the face of the document that it is the "Third Amended Complaint" in this case.**

### C. Exhaustion of Administrative Remedies

Chrisp alleged he attempted to file grievances concerning jail officials' failure to give him Tramadol. (*See* Filing No. 30 at CM/ECF pp. 3-4.) The court construes these allegations as being offered to support Chrisp's contention that he exhausted his administrative remedies.[2] However, at this stage in the proceedings, Chrisp need not demonstrate exhaustion of administrative remedies. *See* 42 U.S.C. § 1997e(a) ("[n]o action shall be brought with respect to prison conditions under section 1983 of this title . . . until such administrative remedies as are available are exhausted."); *Jones v. Bock*, 549 U.S. 199, 212 (2007) (stating administrative exhaustion is an affirmative defense that defendants have the burden to plead and prove).

### IV. MOTION TO APPOINT COUNSEL

Chrisp filed a motion seeking the appointment of counsel (Filing No. 28). The court cannot routinely appoint counsel in civil cases. In *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel. The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel[.]" *Id.* (internal citation and quotation marks

---

[2]To the extent Chrisp intended to allege Defendants took too long to respond to his grievances, such allegations do not rise the level of a constitutional violation. Even the failure to respond to a grievance altogether is not, by itself, a constitutional violation. *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (holding that prison officials' failure to process inmates' grievances, without more, is not actionable under section 1983).

7

omitted). No such benefit is apparent here at this time. Thus, the request for the appointment of counsel will be denied.

## V. MOTION FOR DISCOVERY

Chrisp filed correspondence in this case addressed to the clerk of the court seeking discovery of, among other things, "all records relevant to himself, the Lancaster County Jail, Correct Care Solutions, Dr. Piccalo & APRN Hadley[.]" (Filing No. 29 at CM/ECF p. 1.) As discussed above, Chrisp's amended complaint does not state a claim for which relief may be granted. Therefore, any motion related to discovery is premature.

IT IS THEREFORE ORDERED that:

1. Chrisp must file a second amended complaint within 30 days in accordance with this Memorandum and Order. Failure to file a second amended complaint will result in the court dismissing this case without further notice to Chrisp.

2. The clerk of the court is directed to set a pro se case management deadline in this matter: June 22, 2015: Check for second amended complaint; dismiss if none filed.

3. Chrisp's Motion to Appoint Counsel (Filing No. 28) is denied.

4. Chrisp's Motion for Discovery (Filing No. 29) is denied.

8

5.      The clerk of the court is directed to send to Chrisp a blank civil complaint form.  Chrisp is encouraged to use the form to draft his second amended complaint.  **Chrisp must clearly designate on the face of the document that it is the "Third Amended Complaint" in this case**.

DATED this 26th day of May, 2015.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.